[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 11, 2006
THOMAS K. KAHN
CLERK

No. 05-14790
Non-Argument Calendar

_____

D.C. Docket No. 05-00040-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROOSEVELT BARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 11, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant James Roosevelt Barker appeals his 135-month

sentence imposed after he pled guilty to (1) aiding and abetting the possession

with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Barker first argues that the district erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b).[1] He asserts that he was less culpable than the other persons found on the "go-fast" boat, which was carrying 1,759 kilograms of cocaine, because he only operated the boat's engines, did not take custody of the cocaine on the boat, had no ownership interest in the smuggled drugs, and did not plan the drug smuggling operation. Barker also contends that the small fee he received for his participation--$1,300--indicates that he played a minor role in the operation.

We review for clear error the district court's determinations about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th

---

[1]On appeal Barker also argues for the first time that he was entitled to a minimal role reduction under § 3B1.2(a). Because we conclude that the district court did not err in refusing to apply a minor role reduction, we reject Barker's argument about receiving no minimal role reduction.

Cir. 2002). "The defendant has the burden of establishing his role by a preponderance of evidence." Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal." Id.

Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Barker's role in the offense was more than minor. About the first element, Barker's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 1,759 kilograms of cocaine seized from the "go-fast" boat. Barker admitted that he operated the boat's engines and that he was paid $1,300 for his work. And the district court correctly pointed to the large drug quantity in denying Barker a minor role reduction. See id. at 943 (noting that, in the drug courier context, the amount of drugs is a "material consideration" in assessing defendant's role in his relevant conduct). About the second element, Barker was

3

one of only five crew members on the "go-fast" boat, which was carrying a large amount of cocaine. Barker has not established that he was less culpable than the other crew members. We see no clear error in the district court's refusal to apply a minor role reduction in this case.

Barker next argues that his sentence was unreasonable under the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). He contends that, in determining his sentence, the district court should have considered the small role he played in the offense, his lack of prior criminal history, and other personal circumstances, including his limited education, the extent to which he financially supported his immediate family, and his wife's poor health.[2] Barker was sentenced after the Supreme Court issued its decision in Booker; and we review Barker's sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).[3]

We conclude that Barker's sentence was reasonable. The district court correctly calculated Barker's Guideline imprisonment range as 135-168 months;

---

[2] Barker does not challenge the district court's calculation of his Guideline range.

[3] The government asserts that we lack jurisdiction to review a sentence, such as Barker's, which is within a correctly calculated Guideline range. We previously have rejected the government's position; and we have jurisdiction to consider Barker's claim about the reasonableness of his sentence. See United States v. Martinez, 434 F.3d 1318, 1321-22 (11th Cir. 2006)

and the court sentenced Barker to the lowest point of his Guideline range.  In sentencing Barker, the district court noted the § 3553(a) factors, commenting in particular on the quantity of drugs involved.  Nothing in the record convinces us that Barker's sentence was unreasonable in the light of the § 3553(a) factors.

AFFIRMED.